**CHUN FEN CHEN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 07–4320.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 2, 2009.

Opinion filed: Dec. 17, 2009.

Michael A.O. Brown, Esq., Law Office of Michael Brown, New York, NY, for Petitioner.

Richard M. Evans, Esq., Thomas W. Hussey, Esq., Brooke M. Maurer, Esq., Christina B. Parascandola, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BARRY, STAPLETON and NYGAARD, Circuit Judges.

## OPINION

PER CURIAM.

Chun Fen Chen petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.

Chen, a native of China, was charged as removable as an alien who entered the United States through misrepresentation [1] and without valid entry documents. She applied for asylum, withholding of removal, and relief under the Convention against Torture. Chen argued that she had been persecuted under the family planning policy in China. The Immigration Judge found Chen removable and not credible and denied relief. The BIA dismissed her appeal as untimely and denied her motion for reconsideration.

Chen then filed an unsuccessful motion to reopen alleging ineffective assistance of counsel. In 2006, Chen filed another motion to reopen in which she argued that she had given birth to a second child in the United States and would be subject to sterilization if returned to China. In July 2007, the BIA denied the motion; it concluded that Chen had not shown evidence of changed country conditions in China. On August 21, 2007, Chen filed yet another motion to reopen with the BIA as well as a motion to reconsider. She argued that she had new evidence that she would be sterilized if returned to China. The BIA denied the motions, and Chen filed a timely petition for review. [2]

We have jurisdiction pursuant to 8 U.S.C. § 1252. [3] We review the denial of a motion to reopen for an abuse of discretion. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir.2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002). An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The time and number requirements are waived for motions that rely on evidence of changed circumstances arising in the country of nationality. *Id.* We must uphold the BIA's factual determinations if they are supported by substantial evidence. *Liu v. Attorney General*, 555 F.3d 145, 148 (3d Cir.2009). Under the substantial evidence standard, we can reject the BIA's findings only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

---

1. Chen had entered the United States using a fraudulent Singaporean passport.

2. Chen does not challenge the denial of his motion to reconsider.

3. In her petition for review, Chen requests review of the BIA's June 2004 and July 2007 orders. However, the petition for review is untimely as to those orders, and we lack jurisdiction to review them. *See* 8 U.S.C. § 1252(b)(1); *McAllister v. Attorney General*, 444 F.3d 178, 185 (3d Cir.2006).

As new evidence, Chen submitted an affidavit from her father. He stated that he inquired of the local village committee and was told that Chen and her husband would be subject to sterilization if they returned to China. C.A.R. at 32–33. Chen also submitted a notice from the village committee stating that she and her husband must return for sterilization. C.A.R. at 38. The BIA concluded that, in light of the previous adverse credibility finding, the evidence submitted was not sufficient to warrant reopening. It also noted that the village committee notice was not an original document, was unauthenticated, and was obtained for the purposes of filing the motion to reopen. The BIA also observed that the notice was inconsistent with the evidence described in *Matter of J–H–S–*, 24 I. & N. Dec. 196 (BIA 2007), *Matter of J–W–S–*, 24 I. & N. Dec. 185 (BIA 2007), and *Matter of S–Y–G–*, 24 I. & N. Dec. 247 (BIA 2007). C.A.R. at 2–4.

Chen argues that the BIA should not have rejected her evidence on the grounds that it was unauthenticated. Given the prior adverse credibility determination, we think it reasonable for the BIA to have insisted on greater authentication than it might have otherwise. *Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir.2007). Thus, the BIA did not err in rejecting this evidence.

Moreover, even if the document were authenticated, the BIA also plausibly rejected the content of the village committee notice as inconsistent with the evidence discussed in its prior precedents. In *Matter of J–W–S–*, the BIA concluded that China did not have a policy of requiring the forced sterilization of a parent who returns with a second child born outside of China. In *In re S–Y–G–*, the BIA determined that the petitioner had not shown changed country conditions. In *In re J–*

*H–S–*, the BIA determined that enforcement of the family planning policy was lax and uneven in the Fujian province and there was no indication that the sterilizations were accomplished through force and not incentives.[4]

Chen has not shown that the record would compel any reasonable adjudicator to conclude that she had shown that she was *prima facie* eligible for asylum based on changed country conditions. Accordingly, we will deny the petition for review.

---

4. Chen is from the Fujian province.